**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AARON OUTLAW #353-433            *

   Petitioner                              *

        v.                              *        Civil Action No. DKC-11-1786

ASSISTANT WARDEN RICHARD DOVEY, *
et al.,
                                  *

   Respondents

**MEMORANDUM OPINION**

On June 29, 2011, Aaron Outlaw filed an action in this court construed as a challenge to the length of Outlaw's sentence. Outlaw's petition, while not a model of clarity, sets forth a claim that his mandatory release date has been miscalculated due to confusion over expiration dates for consecutive sentences.[1] ECF No. 1. Respondents move to dismiss the petition on the basis that Outlaw has failed to exhaust his claim in state court.[2] ECF No. 8.

**Background**

Outlaw has an extensive criminal history in the State of Maryland.[3] His May 5, 2010 guilty plea for drug possession, for which a two year sentence was imposed on June 17, 2010, is under review by the Court of Special Appeals of Maryland. *See* Criminal Case No. 810021031,

---

[1] Outlaw additionally seeks money damages. Such relief is not contemplated in a habeas corpus proceeding.

[2] In his "Motion to Block Any Further Time Extension" (ECF No. 9), Outlaw complains that Respondents and others have delayed considering his administrative filings and that he has limited access to the prison law library because he is housed in segregation. He asks that no further delay be tolerated with regard to consideration of this case. Outlaw also complains about a denial of pain medication. The federal court cannot compel state administrative offices to process Outlaw's agency appeals more expeditiously. To the extent Outlaw wishes to claim a denial of medical treatment, he may do so by filing a separate civil rights action. Respondents' Answer was filed the same day as the "Motion to Block" and the case is now under consideration, making the relief requested in the "Motion" moot.

[3] Examination of Maryland Judiciary Case Search reveals 49 entries naming Outlaw as criminal defendant. *See* http://casesearch.courts.state.md.us/inquiry/inquiry-results.jsp?action=Search&filingDate=&filingStart=&court System=B&filingEnd=&firstName=AARON&company=N&lastName=OUTLAW&site=CRIMINAL&d-16544-p=2&partyType=&countyName=&middleName=

Circuit Court for Baltimore City. Outlaw claims that at the time of his guilty plea he was on parole with a mandatory release date of May 20, 2011, and a maximum expiration date of May 3, 2013. ECF No. 1 at 8. He complains that the maximum release date for his previous sentence was completed prior to imposition of the June 17, 2010 sentence, yet he was returned to prison under his old commitment number and his commitment records relating to the 2010 conviction show a mandatory release date of September 20, 2014 and maximum expiration date of May 3, 2015. *Id*. at 8-9.

**Analysis**

Sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). A dispute over diminution credits generally does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); s*ee also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Outlaw has presented a federal question here, his Petition becomes subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to

28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Outlaw must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Outlaw is seeking leave to appeal his 2010 guilty plea in the Court of Special Appeals of Maryland. In addition to seeking to overturn that conviction, he may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Correctional Medical Services, Inc.,* 753 A.2d 501 (2000); Md. Code Ann., Corr. Servs. ("CS") § 10-206(a) (2008 Repl. Vol.). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services

("Secretary") for purposes of judicial review. *Id* at § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id*. at § 10-210(b)(2). Outlaw may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, CS § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

While Outlaw states in his Petition that he filed a grievance with the IGO regarding the issue raised in the instant action, he admits that he did not appeal the IGO's administrative dismissal of his grievance to the Circuit Court. ECF No. 1 at 4-5.

If Outlaw prevails in any of the above proceedings, the need for this court's involvement is obviated. This court may not entertain the issues presented in the Petition while the Maryland courts have not had the opportunity to fully review the claims raised.

Outlaw has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Outlaw has failed to demonstrate entitlement to a COA in the instant case.

**Conclusion**

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied and dismissed as unexhausted A certificate of appealability shall not issue and the Clerk shall be directed to close this case.

Date:  October 14, 2011              /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge